UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON VICTOR CRIST,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPUTY LOUIS RAUBENHEIMER and DEPUTY B. FRANKS,<br><br>                Defendants. | Case No. 1:25-cv-00317-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

       The Clerk of Court conditionally filed Plaintiff Damon Victor Crist's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

       Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Standards of Law for Screening Complaints**

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.   Factual Allegations**

Plaintiff is an inmate held in the Ada County Jail. Plaintiff alleges that, on June 20, 2023, he filed an administrative jail grievance against Sheriff's Deputy Raubenheimer. *Compl.*, Dkt. 3, at 2. Raubenheimer learned of the grievance and "became enraged." *Id*. On June 22, Raubenheimer allegedly "presented [a] plan to attack" Plaintiff to Deputy B. Franks.

Later that day, Raubenheimer instructed Plaintiff to go to a back classroom. Plaintiff walked by Deputy Franks and entered the classroom. Raubenheimer followed Plaintiff into the room and closed the door. Plaintiff claims that Raubenheimer "threw a chair in Plaintiff's direction and ordered Plaintiff to 'sit the f*** down!.'" *Id*.

Raubenheimer demanded to know why Plaintiff had filed the grievance, using increasingly vulgar and profane language. Raubenheimer also allegedly "threatened Plaintiff's safety inside the Jail." *Id*. at 2–3. Plaintiff expressed that he did not feel safe, and Raubenheimer "mocked Plaintiff for his fear" and called him names. *Id*. at 3. Raubenheimer then allegedly "screamed in Plaintiff's face, forehead, and top of head profanity enfused [sic] threats to Plaintiff's safety inside the jail and due to the filed grievance." *Id*.

Raubenheimer kicked Plaintiff's foot, and Plaintiff leaned farther back in the chair "to avoid physical contact." *Id*. After this "verbal attack with physical body threat behavior," Raubenheimer "demanded to know whether Plaintiff understood Raubenheimer's threats before Plaintiff was ordered out with profanity." *Id*.

As Plaintiff left the classroom, Deputy Franks smiled at Plaintiff "to mock him." *Id*. at 4. Plaintiff asked to speak with "a sergeant or a lieutenant," but a deputy—perhaps Raubenheimer, though Plaintiff is uncertain—yelled, "[T]ell someone who gives a fuc*." *Id*. at 4.

Plaintiff alleges that both Defendants' actions violated the First Amendment and Idaho state law and that Defendant Franks failed to protect Plaintiff from Raubenheimer's actions. *Id*. Plaintiff alleges that he "suffered severe mental trauma" as a result of Defendants' conduct. *Id*.

3. **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

A. *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state

law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). That is, jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      i.    Retaliation Claims

Plaintiff alleges that Raubenheimer yelled at and threatened him because Plaintiff had filed a grievance against him. The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) ... that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

Finally, even if an inmate establishes that his protected conduct was the but-for cause of an adverse action by a prison official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate penological interest. The state unquestionably has a legitimate interest in maintaining institutional order, safety, and security in its prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

The Complaint fails to state a First Amendment claim upon which relief can be granted. Plaintiff does not plausibly suggest that simply being yelled at and threatened by a sheriff's deputy about filing a grievance would chill or silence a person of ordinary firmness from filing grievances or engaging in other protected conduct. *See Mendocino Envt'l Ctr.*, 192 F.3d at 1300. Additionally, a jail official calling inmates names and using profanity, though unprofessional, does not violate the Constitution. *See, e.g.*, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 137–39 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations that defendant "personally informed plaintiff that if he never cut his hair and shaved his beard that he would lose what class he had and would have a bad time at Wrightsville" and that defendant "verbally abused and threatened him for filing grievances" did not constitute a constitutional violation); *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir. 1983) ("While twenty-two officers armed with sticks and threatening demeanor may arguably be excessive, we must, in the absence of physical abuse, concur with the lower court's dismissal. The alleged conduct, absent more, cannot be said to rise to the level of conduct which 'shocks the conscience.'") (citation omitted).

Plaintiff's retaliation claim against Deputy Franks is implausible for an additional reason—the Complaint does not permit a reasonable inference that Franks acted with a retaliatory motive. Plaintiff has not provided any allegations plausibly suggesting that Franks even knew about the grievance against Raubenheimer, let alone that he failed to intervene *on account* of that grievance.

Plaintiff may attempt to remedy these deficiencies in an amended complaint.

### ii.  Failure-to-Protect Claim

Plaintiff asserts that Deputy Franks failed to protect Plaintiff against Raubenheimer's threats. Failure-to-protect claims asserted by pretrial detainees consist of four elements:

> (1)  The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2)  Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3)  The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4)  By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cnty., Cal. v. Castro*, 137 S. Ct. 831 (2017).

The Complaint fails to state a plausible failure-to-protect claim against Deputy Franks. Though Plaintiff alleges—without any factual support—that Raubenheimer told Franks of his plan to threaten Plaintiff, this is a mere conclusion that is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of [the plaintiff's] allegations … that disentitles them to the presumption of truth.").

Accordingly, Plaintiff's failure-to-protect claim is subject to dismissal.

### B. *State Law Claims*

In addition to § 1983 claims, Plaintiff asserts a state law claim of assault against Raubenheimer, as well as state law claims of intentional infliction of emotional distress against Raubenheimer and Franks. *Compl.* at 6–7. However, because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the

particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a First Amendment or due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because the bond requirement of Idaho Code § 6-610(2) does not apply to prisoner-plaintiffs who are proceeding in forma pauperis, *Kangas v. Wright*, No. 1:15-CV-00577-CWD, 2016 WL 6573943, at *6 (D. Idaho Nov. 4, 2016) (unpublished), Plaintiff's Motion to Waive Bond (Dkt. 5) is MOOT.



DATED: November 4, 2025

Amanda K. Brailsford
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g). *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. 2025).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10