UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON VICTOR CRIST,<br><br>                Plaintiff,<br><br>v.<br><br>DEPUTY LOUIS RAUBENHEIMER and DEPUTY B. FRANKS,<br><br>                Defendants. | Case No. 1:25-cv-00317-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint as required by 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Init. Rev. Order*, Dkt. 8.

Plaintiff has now filed an Amended Complaint. Dkt. 11. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

1.  **Federal Claims**

The Amended Complaint is not substantively different from the initial complaint. *Compare Compl.*, Dkt. 3, with *Am. Compl.*, Dkt. 10. Therefore, Plaintiff has failed to remedy the deficiencies in the initial complaint with respect to his retaliation claims under 42 U.S.C. § 1983, as set forth in Claim One of the Amended Complaint. *Am. Compl.* at 4–6. Accordingly, the Court will dismiss these claims, under 28 U.S.C. §§ 1915 and 1915A, for the reasons explained in the Initial Review Order.

2.   **State Law Claims**

In Claims Two and Three of the Amended Complaint, Plaintiff asserts state law claims of assault and intentional infliction of emotional distress.[1] *Am. Compl.* at 6–7. For the reasons that follow, the Court concludes these claims are also implausible and will dismiss them under 28 U.S.C. §§ 1915 and 1915A.

Plaintiff claims that Defendant Raubenhaimer assaulted him by becoming enraged, screaming in Plaintiff's face, using profanity, telling Plaintiff that Raubenheimer could make Plaintiff's "life a living Hell," throwing a chair in Plaintiff's direction, and running around a table "into Plaintiff's position." *Am. Compl.* at 2–3. To state a colorable civil assault claim under Idaho law, a plaintiff must plausibly allege that (1) the defendant "acted intending to cause a harmful or offensive contact with the person of the plaintiff or a third person, or an immediate fear of such contact," and (2) as a result, "the plaintiff feared that such contact was imminent." *Hammer v. Ribi*, 401 P.3d 148, 152 (Idaho 2017). The Idaho Supreme Court has held that the plaintiff's fear of harmful or offensive contact must be "reasonable." *Id*. (Idaho 2017) (quoting William L. Prosser, *Law of Torts* 40 (4th ed. 1971)).

Plaintiff's assault claim is implausible because, even assuming Raubenheimer acted with an intent to cause fear, the Amended Complaint does not support an inference that Plaintiff's fear was reasonable. As the Court previously explained with respect to Plaintiff's federal claims, Raubenheimer's alleged conduct may have been unprofessional, *see Init. Rev. Order* at 6, but that does not mean it constituted an assault under Idaho law. Prisons are chaotic places, and inmates and guards verbally spar fairly often. The allegations in the Amended Complaint simply do not

---

[1] The Court did not previously review the merits of Plaintiff's state law claims because the lack of a plausible federal law claim led the Court to decline to exercise supplemental jurisdiction. *See Init. Rev. Order* at 8.

plausibly suggest that a reasonable inmate would fear imminent harmful or offensive contact in the situation described by Plaintiff.

Plaintiff also asserts that he suffered emotional distress from Raubenheimer's aggressive demeanor and Franks's alleged "mock[ing]" of Plaintiff. *Am. Compl.* at 3. A plaintiff must establish four elements to recover for intentional infliction of emotional distress under Idaho law: "(1) the conduct [of the defendant] must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Evans v. Twin Falls Cnty.*, 796 P.2d 87, 97 (Idaho 1990). The fourth factor, that the distress must be severe, requires that "the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id.* (quoting Restatement (Second) of Torts, § 46 cmt. j). To show severe distress, the plaintiff must establish that he "incurred … physical damage," was "hampered in the performance of [his] daily functions," or "suffered a severely disabling emotional response" to the defendant's conduct. *Davis v. Gage*, 682 P.2d 1282, 1288 (Idaho Ct. App. 1984).

Plaintiff's claims of intentional infliction of emotional distress are implausible for two reasons. First, Defendants' conduct was not extreme or outrageous, as the Court has already explained with respect to Plaintiff's assault claim. Second, Plaintiff's vague and generalized allegations of emotional distress do not give rise to a reasonable inference that any distress experienced by Plaintiff was so severe that no reasonable person could be expected to endure it. *See Evans*, 796 P.2d at 97. The Amended Complaint does not plausibly allege that Plaintiff suffered physical injury or a severely disabling emotional response or that he was hampered in the performance of his daily functions as a result of Defendants' conduct. *See Davis*, 682 P.2d at 1288.

3. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint and Motion to Take Judicial Notice (Dkt. 9) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3. Because this case has been dismissed, Plaintiff's Motion for Stay upon Further Proceedings (Dkt. 11) is DENIED AS MOOT.



DATED: February 10, 2026

Amanda K. Brailsford
U.S. District Court Judge